Thomas M. Barron, Esquire
800 North Church Street, Suite 102
Moorestown, NJ  08057
(856) 439-6341 Fax: (856) 432-1080
Attorneys for Plaintiff, Amanda M. Nevins

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMANDA M. NEVINS,** | |
| Plaintiff, | |
| | CIVIL ACTION NO.: |
| - vs. - | |
| **J. BUTLER, JOSEPH R. FUENTES and JOHN DOES, ONE OR MORE** | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Amanda M. Nevins, states by way of Complaint as follows:

## I. PARTIES

1. Plaintiff Amanda M. Nevins ("plaintiff" or "Nevins") is a resident and citizen of the State and District of New Jersey residing at 41 Charlestown Road in Union Township within Hunterdon County.

2. Defendant J. Butler ("Butler") is a resident and citizen of the State and District of New Jersey who at all times relevant to this action was employed by the State of New Jersey, Department of Law and Public Safety, Division of State Police at the Perryville Station, R.D. #$, State Highway 173, West Hampton, New Jersey.

3. Defendant Joseph R. Fuentes ("Fuentes") is a resident and citizen of the State and

District of New Jersey and at all times relevant to this action was employed by the State of New Jersey as the Superintendent of the Division of State Police.  This defendant's principal place of business is at River Road, P.O. Box 7068, West Trenton, Mercer County, New Jersey 08628.

  4. Defendants John Does, one or more, are residents and citizens of the State and District of New Jersey who at all times relevant to this action, were/are employees, officers and members of the New Jersey State Police, Department of the Law and Public Safety, Division of State Police, who had supervisory, command, training and disciplinary authority and control over defendant Butler. Plaintiff does not currently know the identity of these individuals and will seek to amend her complaint upon learning the identity of these persons.

## II. JURISDICTION AND VENUE

  5. This court has original jurisdiction in this matter is under 28 U.S.C. § 1331 based upon federal questions of law. This court also has supplementary jurisdiction over state law based matters and claims pursuant to 28 U.S.C. § 1367(a).

  6. This matter is properly venued in this court pursuant to 28 U.S.C. § 1391(a).

## III. ESSENTIAL FACTS

  7. On July 9, 2010 the plaintiff was the owner and resident of a farm located in Union Township, Hunterdon County, New Jersey.

  8. Plaintiff conducted farming and agricultural activities on the farm in the form of breeding and raising farm animals, including horses, donkeys, sheep and goats.

  9. On July 9, 2010 plaintiff was the owner of three domestic goats: a mother goat named "jarjar" and two kids named "toto" and "nemo."

  10. On that day the plaintiff returned to her home at approximately 4 o'clock p.m. after grocery shopping.  She saw that the three goats were on an adjacent property.  She helped to

retrieve the wayward goat family and return them to her property.

11. At this time she was advised by an area resident that a New Jersey State Trooper had been to plaintiff's home and left to go to plaintiff's place of employment.

12. Plaintiff returned to her home in anticipation of making a telephone call to Europe to her mother and other family members. At this time the defendant Butler arrived at plaintiff's home and knocked on the front door.

13. Plaintiff went to the door and told Butler that she was not going to speak to him about the goat and unless he had a warrant she was not going to admit him to her home.

14. Butler forced open the front door screen and entered the home. He grabbed plaintiff by the wrist and said, "So you don't think that you have to talk to me?" Plaintiff was frightened and yelled at Butler asking him what was he doing and why was he in her home. Butler's response was to tell her to "shut the fuck up." Butler continued to grab the plaintiff's arm and attempted to remove her from the home, telling plaintiff to leave the home. Butler did not tell plaintiff that she was under arrest.

15. When the plaintiff did not leave the home, Butler sprayed the plaintiff in the face with pepper spray (Oleoresin Capsicum) in an attempt to gain physical control of the plaintiff.

16. Plaintiff released herself from Butler's grasp and attempted to telephone her husband for assistance. At some point Butler threw plaintiff to the floor and then attempted to handcuff the plaintiff, and in so doing caused plaintiff considerable pain and discomfort by causing injury to her wrists, upper arms and

17. Butler eventually handcuffed the plaintiff and told her she was under arrest. He removed the plaintiff from her home and charged her with three criminal offenses. The stated reason for the arrest of the plaintiff was "subject [plaintiff] prevented the undersigned [Butler]

from conducting a lawful investigation into the roaming of her farm animals onto the neighbors' property." This conduct does not constitute a crime or quasi-criminal matter under the laws of New Jersey or Union Township.

18. The actions of Butler and troopers who were called to the scene were observed by the plaintiff's neighbors who were driving past her home.

## COUNT I

16. Plaintiff, Amanda M. Nevins, repeats and incorporates the prior allegations as if set forth in full.

17. At all times relevant to this action Defendant Butler was acting under color of state law in his capacity as a New Jersey State Trooper.

18. Defendant Butler illegally and improperly arrested plaintiff and entered property without the justification and authority of a properly issued warrant and without probable cause.

19. Defendant Butler further violated plaintiff's rights by using excessive and unnecessary force in seizing and restraining plaintiff. In so doing, defendant Butler inflicted unnecessary physical and emotional damages and injuries to plaintiff in violation of her rights guaranteed under the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiff Amanda M. Nevins demands judgment against Defendant J. Butler for damages at law, punitive damages, statutory counsel fees and costs.

## COUNT II

20. Plaintiff Amanda M. Nevins, repeats and incorporates the prior allegations as if set forth in full.

21. Defendant Butler wrongfully attacked and arrested plaintiff for her assertion of her

4

rights to remain silent, to not incriminate herself and otherwise not to speak to a law enforcement officer without the issuance of valid process in violation of her rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiff Amanda M. Nevins demands judgment against Defendant J. Butler for damages at law, punitive damages, statutory counsel fees and costs.

## COUNT III

22. Plaintiff, Amanda M. Nevins, repeats and incorporates the prior allegations as if set forth in full.

23. Defendants Joseph R. Fuentes and John Does, one or more, are the officials of the Division of State Police responsible for the hiring and training of state troopers employed by the Division of State Police. These defendants had a legal and constitutional duty to adequately train, supervise and discipline defendant Butler so that he would not, *inter alia*, violate the rights of citizens to be free from illegal searches and seizures, to be free from the unjustified use of excessive force, to be free to exercise their Fifth Amendment rights and to not be punished by state actors without due process of law. Additionally, these defendants failed to implement practices, procedures and policies that would deter its police employees from violating the provisions of the New Jersey Constitution. In so acting, these defendants were acting under color of law.

24. These Defendants knew or should have known of defendant Butler's history or propensity to commit acts of in violation of the constitutional rights of citizens and they demonstrated deliberate indifference to or provided tacit authorization of such conduct by failing to take sufficient remedial action to deter Butler and other members of the New Jersey State Police and to protect citizens from unconstitutional conduct.

25. The failure of these supervisory defendants to adequately train, supervise and discipline Butler and to implement practices, procedures and policies that would deter it police employees from violating the provisions of the New Jersey Constitution were direct and proximate causes of the violation of Plaintiff Amanda M. Nevins's constitutional rights and her physical and emotional damages resulting therefrom.

**WHEREFORE** Plaintiff Amanda M. Nevins, demands judgment against defendant Joseph R. Fuentes and John Does one or more for compensatory damages, statutory counsel fees and costs and interest as provided by law.

## COUNT IV

26. Plaintiff repeats and incorporates the prior allegations as if set forth in full herein.

27. Defendants Fuentes and John Does one or more were responsible for the training supervision and discipline of New Jersey state troopers.

28. These defendants were under legal obligations to review and respond to incidents of violations of citizens' constitutional rights by state troopers employed by the State of New Jersey and to institute and apply appropriate discipline in order to protect the citizens from future violations of rights. These defendants failed to take appropriate disciplinary actions against the Defendant Butler, thereby ratifying his wrongful and unconstitutional conduct and making it the official policy of the State of New Jersey, all in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §1983.

**WHEREFORE** Plaintiff Amanda M. Nevins, demands judgment against defendant Joseph R. Fuentes and John Does one or more for compensatory damages, statutory counsel fees and costs and interest as provided by law.

## COUNT V

29. Plaintiff repeats and incorporates the prior allegations as if set forth in full herein.

30. The actions of the individual defendant Butler deprived plaintiff of her rights guaranteed under Art. I, ¶¶ 1, 7 and 12 of the Constitution of the New Jersey (1947) and pursuant to The New Jersey Civil Rights Act, N.J.S.A. 10-6 *et seq.* which, *inter alia*, provide guarantees of equal protection, the right to privacy and personal integrity and further provide protections against unreasonable searches and seizures.

31. Defendants Fuentes and John Does, one or more, failed to adequately train, supervise and discipline defendant Butler and other law enforcement officers who engaged in acts violence towards members of the public in violation of the provisions of the New Jersey Constitution, who arrested members of the public without probable cause and who retaliated against members of the public who asserted their constitutional right to remain silent. Additionally, the Defendant failed to implement practices, procedures and policies that would deter its police employees from violating the provisions of the New Jersey Constitution.

32. As direct and proximate result of the failure of the defendants Fuentes and John Does, one or more, take appropriate and necessary actions to prevent Butler's actions in violation of the New Jersey Constitution, plaintiff Amanda M. Nevins's state constitutional rights were violated and she sustained compensable damages.

**WHEREFORE,** Plaintiff Amanda M. Nevins, judgment against Joseph R. Fuentes and John Does, one or more for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

## COUNT VII

33. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1

through 36 as if set forth in full herein.

34.     The conduct of defendant Butler violated Plaintiff's civil rights in violation of the provisions of the New Jersey Civil Rights Act, **N.J.S.A.** 10-6 *et seq.*

35.     As a direct and proximate result of defendant Butler's violations of her civil rights, plaintiff Amanda M. Nevins has sustained injuries and damages at law.

36.     Defendant Butler's conduct was done deliberately, maliciously and is especially egregious and warrants the imposition of punitive or exemplary damages.

**WHEREFORE,** Plaintiff Amanda M. Nevins demands judgment against the defendant Butler for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

## COUNT VIII

37.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 36 as if set forth in full herein.

38.     The conduct of Defendant Butler violated the provisions of the New Jersey Civil Rights Act, **N.J.S.A.** 10-6 *et seq.*

39.     Defendants Fuentes and John Does, one or more, failed to adequately train, supervise and discipline Defendant Butler and other police officers who engaged in acts of excessive force, who arrested citizens without probable cause and who retaliated against citizens who asserted their constitutional rights to remain silent all in violation of the provisions of the New Jersey Constitution. Additionally, these defendants failed to implement practices, procedures and policies that would deter its police employees from violating the provisions of the New Jersey Constitution.

40.     As direct and proximate result of the failure of the Defendant State of New Jersey

to take appropriate and necessary actions to prevent Butler's acts of misconduct in violation of the New Jersey Constitution, plaintiff's civil rights were violated and she sustained compensable damages.

**WHEREFORE,** Plaintiff Amanda M. Nevins demands judgment against the defendants Joseph R. Fuentes and John Does, one or more, for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

**LAW OFFICES OF THOMAS M. BARRON**
Attorney for Plaintiff, Amanda M. Nevins

By:  /s/Thomas M. Barron
  THOMAS M. BARRON

Dated:  June 28, 2012

**JURY DEMAND**

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

**CERTIFICATION OF PENDING ACTIONS**

The undersigned certifies that there are no other actions, arbitrations or other proceedings pending or contemplated involving the parties or issues herein and that all necessary parties have been joined in this action.

/s/Thomas M. Barron
Thomas M. Barron

Dated:  June 28, 2012